“Plaintiff, American President Lines, Ltd., is a corporation which during the years 1957 to 1973 operated a steamship service for passengers and freight using ss president cleveland, wilson, and roosevelt. In 1957 plaintiff entered into a contract with the United States acting through the Maritime Subsidy Board of the Department of Commerce for the purpose of obtaining an operating differential subsidy as authorized by the Merchant Marine Act of 1936, as amended (46 U.S.C. § 1171, et seq.). The Merchant Marine Act was enacted in 1936 and the parties used the section numbers of the original Act rather than the section numbers of the amended statute, and we .will do the same. Section 606(1) of the Act and Article 1-5 (a) of the subsidy contract contain procedures by which the amount of operating subsidy is to be determined. The pertinent portions of these provisions are as follows:
* * * [T]hat the amount of the future payments to the contractor shall be subject to review and readjustment from time to time, but not more frequently than once a year, at the instance of the [Board] or of the contractor. If any such readjustment cannot be reached by mutual agreement, the [Board] on its own motion or on the application of the contractor, shall, after a proper hearing, determine the facts and make such readjustment in the amount of such future payments as it may determine to be fair and reasonable and in the *575 public interest. The testimony in every such proceeding pbn.ll be reduced to writing and filed in the office of the [Board]. Its decision shall be based upon and governed by the changes which may have occurred since the date of the said contract, with respect to the items theretofore considered and on which such contract was based, and other conditions affecting shipping, and shall be promulgated in a formal order, which shall be accompanied by a report in writing in which the [Board] shall state its findings of fact; * * *
“On March 19,1964, the plaintiff sought approval for subsidy of a rating called “Associate Chief Steward” (ACS) on all three ships. The Board denied the approval of this subsidy without a hearing on May 16, 1967, on the ground that this position on the ships was not fair and reasonable, was not necessary for the efficient and economical operation of the ships, and was clearly improvident, unnecessary, and excessive. After the denial of the request by the Board, plaintiff requested reconsideration and filed new evidence with the Board and requested a hearing in accordance with section 606(1) of the Act quoted above. In March 1970, the Board denied the subsidy and denied plaintiff’s request for a hearing. Thereafter, the Secretary of Commerce denied plaintiff’s petition for review of the Board’s order without opinion or comment.
“In January 1971, plaintiff and the Board entered into a series of agreements adopting the subsidy rates covering the operation of the three vessels from 1965 through 1971. However, plaintiff reserved in writing its right to a hearing under section 606(1) on the issue of applying the agreed rates to the proposed ACS rating expenses in the calculation of the subsidy. Plaintiff filed suit in this court on December 20, 1974, asking for a recovery of $326,624.58 due.for the years 1963 through 1970 representing the subsidized portion of the salaries of the ACS on each of the three vessels named above, alleging that the denial by the Board of subsidy rating for these positions without a hearing was a breach of contract and a violation of the statute. The defendant has filed a motion for summary judgment asking that plaintiff’s petition be dismissed, or in the alternative, that the case be remanded to the board for a further administrative hearing. *576 Plaintiff has filed a cross-motion for summary judgment asking that the denial of the subsidy rating for said positions be held invalid and that the case be remanded to a trial judge of this court for trial, or in the alternative, that the case be remanded to the Board for a full evidentiary hearing as contemplated by section 606(1).
“After consideration of the briefs and oral argument, we conclude that the denial of a subsidy rating for the ACS position on the three designated Ships during the period in question by the Board without granting plaintiff’s request for a hearing was a violation of the Act and contrary to the subsidy contract. Upon request, the Board must afford plaintiff a hearing no later than immediately following the Board’s calculation of subsidy payments due. We hold that the rating denial, without a hearing, was invalid and that the case should be remanded to the Board for a full evidentiary hearing in which both parties can participate and present evidence. See Moore-McCormack Lines v. United States, 188 Ct. Cl. 644, 413 F.2d 568 (1969) and Farrell Lines, Inc. v. United States, 204 Ct. Cl. 482, 499 F.2d 587 (1974). Accordingly,
“it is ordered that plaintiff’s motion for partial summary judgment declaring the denial of the rating of Associate Chief Steward invalid and defendant’s cross-motion for summary judgment dismissing plaintiff’s suit are denied, both without prejudice, and that plaintiff’s and defendant’s cross-motions for summary judgment asking that the case be remanded to the Board for a further administrative hearing are granted. That part of plaintiff’s motion requesting remand to a trial judge of this court is denied.
“Pursuant to 28 U.S.C. § 1491 and Rule 149, it is further ordered that this case is remanded to the Maritime Subsidy Board and the Secretary of Commerce for a period not to exceed six months for the purpose of conducting a full evi-dentiary hearing in accordance with section 606(1) of the Act to determine from the facts whether or not it would be fair and reasonable and in the public interest to' approve and grant a subsidy rating for the position of Associate Chief Steward on the three vessels named above during the period in question. Further proceedings in this court shall be stayed *577 during the period fixed by this order of remand. Defendant’s counsel is designated to advise the court by letter to the Clerk of the status of the remand proceedings as provided for in Eule 149 (f), with such advice to be given at intervals of 90 days or less, commencing from the date of this order. See also Eule 150.”